JOHN TURBEVILLE V. THE STATE.

*No. 1142.    Decided February 10th, 1897.*

**1.   Playing Cards in a Public House—Printing Office—Indictment.**

Where an indictment, for playing cards in a public house, charged that defendant "did then and there, in the county and State aforesaid, unlawfully play at a game with cards in a public house, to-wit: a certain printing office, commonly open to the public for business purposes." Held: Sufficient.

**2.   Same—House Public at Times, and at Times Private—Evidence.**

A house, according to its uses, may be public at certain times and private at other times; and, where the public house was alleged to be a printing office, and the proof showed it was public in the daytime, but there was no proof that it was used as a public house at night, at which time the playing of cards took place therein. Held: The evidence was insufficient to support a judgment of conviction.

APPEAL from the County Court of Archer.   Tried below before Hon. S. A. DENNY, County Judge.

Appeal from a conviction for playing cards in a public house; penalty a fine of $10.

The opinion states the case.

No brief for appellant.

*Nat. P. Jackson* and *Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.— Appellant was convicted of unlawfully playing cards at a public house, and fined $10, and appeals.   Appellant made a motion to quash the indictment.   Said indictment, as to the charging part, is as follows:   "That defendant did then and there, in the county and State aforesaid, unlawfully play at a game with cards in a public house, to-wit: a certain printing office, commonly open to the public for business purposes," etc.   The court overruled the motion to quash.   In this action of the court there was no error.   The indictment in this respect is in accordance with the decisions of this court.   See Willson, Crim. Forms, sec. 239, and authorities there cited.   We have examined the testimony in this case, and in our opinion the evidence does not sustain the verdict of the jury.   It has been repeatedly held by this court that a public place or house may be public at some time, according to its uses, and the public have the right to enter the same for the purpose of business, recreation, or amusement; but it may be private at other times.   The proof in this case showed that in the daytime the printing office, where the game was alleged to have been played, was a public house, where the public had a right to and did enter for the purposes of business; but there is no proof whatever that it was used as a public place at night, at which time the game is shown to have been played.   On the contrary, the proof is to the effect that it was not so used at night.   The proof further shows that the office was

shut, and all of the outside windows, except the one which opened into the back yard, had blinds on them, and the office was made private, and not open to the public or to their observation.   Because, in our opinion, there is no evidence to sustain the finding of the jury, the judgment is reversed and the cause remanded.

*Reversed and Remanded.*